IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| BANTERRA BANK, ) | |
|                 Plaintiff, ) | |
| vs. ) | 13-CV-01275-JPG-SCW |
| ) | |
| JOHN BRECK JONES, a.k.a. John B. Jones, ) | |
| SUE S. JONES, a.k.a. Sue Jones, ) | |
| UNITED STATES POSTAL SERVICE, ) | |
| UNITED STATES OF AMERICA, ) | |
| STATE OF ILLINOIS, ) | |
| COUNTY OF GALLATIN, ) | |
| HEIGHTS FINANCE CORPORATION, ) | |
| UNKNOWN OWNERS, and ) | |
| NON-RECORD CLAIMANTS, ) | |
| ) | |
|                 Defendants, ) | |

**IN REM JUDGMENT OF FORECLOSURE**
735 ILCS 5/15-1506

THIS CAUSE having been presented to the Court for hearing the motion of Plaintiff Banterra Bank for entry of an in rem judgment of foreclosure (Doc. 55) pursuant to the Stipulation between Banterra Bank, the State of Illinois, and the United States Postal Service, Plaintiff's motion supported by an Affidavit of Amounts due and Affidavit of Attorney's Fees, this Court having considered the verified Complaint, Stipulation, and Affidavits, and being advised in the premises, **GRANTS**  Plaintiff's Motion (Doc. 55) and makes these FINDINGS:

1     **JURISDICTION**

    1.1     Defendants:

        1.1.1     The following defendants have each been properly served with a summons and a copy of the Complaint on the dates shown, and having failed to answer said complaint or otherwise enter any appearance herein although more than thirty (30) days have passed since

such service, and have been defaulted: John Breck Jones, Sue S. Jones, Heights Finance Corporation, and the County of Gallatin, Illinois.

    1.1.2 All unknown owners and non-record claimants, were duly served by publication of a notice in *Gallatin Democrat*, a secular newspaper of general circulation in Gallatin County, Illinois, published on June 25, 2014, July 2 and July 9, 2014, and said defendants have failed to answer the Complaint or otherwise enter any appearance herein although more than thirty (30) days have passed since the first said publication, and the default date published as aforesaid has passed, and said defendants, unknown owners and non-record claimants are ordered defaulted.

    1.1.3 The State of Illinois, Department of Healthcare and Family Services ("State") was served with process on April 15, 2014, and asserted its sovereign immunity under the Eleventh Amendment to the United States Constitution. Pursuant to the Stipulation between Plaintiff and the State filed with this Court on June 30, 2014 [47], this Court does not exercise personal jurisdiction over the State, but exercises only *in rem* jurisdiction as to the State's claim of lien against the real property subject to the foreclosure and the State's claim, if any, to the surplus on foreclosure and other matters agreed to in the Stipulation.

    1.1.4 The United States of America and the United States Postal Service ("USPS") were served with process in accordance with 28 U.S.C. § 2410, and the USPS has filed a responsive pleading [24] requesting that its leasehold rights be protected.

    1.1.5 Pursuant to the Stipulation between Plaintiff and the United States filed with this Court on June 30, 2014 [47], the lease of the real property to the USPS shall remain unaffected, and the sale of the property hereinafter ordered shall be subject to and leaving in place the lease held by the USPS. Attached to the above-mentioned Stipulation as Exhibit A is

the agreement between the USPS and Defendants Jones for lease of the land identified in Section 2.3.12.1 below and the improvements on such land (such land and improvements hereafter are referred to as the "Mortgaged Premises"), comprised of the following documents: (1) the three-page document titled "Lease;" (2) "Addendum;" (3) "General Conditions to USPS Lease;" (4) "Maintenance Rider Landlord Responsibility;" (5) "Utilities, Services, & Equipment Rider;" and (6) "Exercise of Renewal Option."  Such agreement, including all rights and obligations set forth in such agreement, together with the USPS's leasehold interest in the Mortgaged Premises, are hereafter referred to collectively as the "USPS Lease."

    1.1.6 Removal of this case from the Circuit Court of Gallatin County to this Court was proper and timely pursuant to 28 U.S.C. §§ 1441(c), 1442(a), 1444, and 1446.

  1.2 The Court specifically finds service of process in each instance was properly made in accordance with the Illinois Code of Civil Procedure and where applicable, pursuant to the Federal Rules of Civil Procedure.

  1.3 Except as to the *in rem* jurisdiction over the State's interest in the property, this court has jurisdiction over all the parties hereto and the subject matter presented herein.

2  **EVIDENTIARY FINDINGS**
   735 ILCS 5/1504

  2.1 Plaintiff filed a complaint herein to foreclose the mortgage (below described and referred to as the "Mortgage") and joined the following persons as defendants: John Breck Jones, also known as John B. Jones, Sue S. Jones, also known as Sue Jones; the United States Postal Service, an independent establishment of the executive branch of the government; the United States of America, acting through the Department of Treasury; the State of Illinois, acting through the Department of Healthcare and Family Services; the County of Gallatin, an Illinois body politic; Heights Finance Corporation, an Illinois corporation; and all Unknown Owners and

Non-record Claimants.

    2.2    Attached to the Complaint as Exhibit "A1" is a copy of the first Real Estate Mortgage, as Exhibit "A2" a copy of the 2003 First Modification of Mortgage, as Exhibit "A3" a copy of the 2008 Second Modification of Mortgage, and as Exhibit "A4" a copy of the 2011 Modification -Assignment of Rents (collectively the "Mortgage").  Attached to the Complaint as Exhibit "B1" is a copy of the Note and Security Agreement secured by the Real Estate Mortgage, as Exhibit "B2" the 2003 Change of Terms, as Exhibit "B3" the 2008 Change of Terms, and as Exhibit "B4" the 2011 Change of Terms (collectively the "Note") and identified as Banterra Note #60890, which Note is secured by the Mortgage, which are admitted into evidence, and any originals presented may be withdrawn.

    2.3    Information concerning Mortgage:

        2.3.1    Nature of instrument:    Mortgage.

        2.3.2    Date of Mortgage    October 22, 1998;

        2.3.3    First Modification of Mortgage:    October 22, 2003;

        2.3.4    Second Modification of Mortgage:    October 22, 2008;

        2.3.5    Modification-Assignment of Rent:    June 3, 2011;

        2.3.6    Name of Mortgagor:    John Breck Jones and Sue S. Jones;

        2.3.7    Name of Mortgagee:    Banterra Bank;

        2.3.8    Date and place of recording:    Gallatin County Recorder's Office; December 7, 1998;

    2.3.9    Identification of recording:  Real Estate Mortgage, Doc#20, Book 348, page 9; re-recorded July 2, 2001, Doc. #3853, Book 390, page 238; 1st Mod., Doc. #7457, Book 437 page 198, October 30, 2003; 2nd Mod., Doc. #14408, Book 525, page 168, November 25,

2008; Assignment of Rents, Doc. #17639, Book 561, page 308, recorded June 10, 2011.

    2.3.10  Interest subject to the Mortgage:    Fee simple.

    2.3.11  Amount of original indebtedness including subsequent advances made under the Mortgage: $36,542.82.

    2.3.12  Both the legal description of the Mortgaged Premises and the common address or other information sufficient to identify it with reasonable certainty:

        2.3.12.1  Legal description of mortgaged premises:

> A part of Lot Number Ten (10) of the First Addition to the Village of Equality, more particularly described as follows, to wit: Eighty (80) feet of even width off the South end of the East One-third (E/3) of said Lot Number Ten (10) of said First Addition to the Village of Equality, more Particularly described as beginning at the Southeast corner of said Lot number Ten (10) on Land and Van Buren Streets and running thence in a Northerly direction along the West line of said Van Buren Street Eighty (80) feet, thence West and at Right Angle with said Van Buren Street Twenty (20) feet, thence in a Southerly direction and parallel with the said West line of Van Buren Street Eighty (80) Feet to the North line of Lane Street, thence East along the North line of said Lane Street Twenty (20) Feet to the place of Beginning. Said Lot being situated in and a part of the West Part of the South West Quarter of the South East Quarter (SW 1/4 SE 1/4) of Section Seventeen (17), Township Nine (9) South, Range Eight (8) East of the Third Principal Meridian, Gallatin County, Illinois; PIN 04-002-082-01 (the "Mortgaged Premises" or "res").

        2.3.12.2  Common address or location of Mortgaged Premises: 200 Lane Street, Equality, IL 62934, Gallatin County, Illinois.

    2.4    Statement as to defaults and amount now due:

        2.4.1    Pursuant to the terms of the Note, the Mortgagors and Defendants, John Breck Jones and Sue S. Jones ("Defendants Jones") were required to pay a monthly payment of $242.92, due on the 22nd day of each month. Defendants Jones failed to pay the monthly payment due September 22, 2013. Defendants Jones had assigned to Banterra Bank all of the

rents, issues, and profits from the Mortgaged Premises under the terms of the Mortgage, Paragraph 12. In addition, Defendants Jones had provided Banterra Bank with a separate Assignment of Rents, dated June 3, 2011, executed contemporaneous with the Change in Terms Agreement, dated June 3, 2011, wherein the rents from the USPS Lease were assigned to Banterra Bank. Since August 30, 2013, no part of the Rents have been paid to Banterra.

    2.4.2    The Note fully matured on October 22, 2013. Banterra Bank has declined to renew or extend the Note.

  2.5    The total amount due, as of August 8, 2014:

| | | |
|---|---|---|
| 2.5.1 | Unpaid balance of principal | $13,726.69 |
| 2.5.2 | Unpaid interest to August 8, 2014 | $ 1,412.91 |
| 2.5.3 | Late Fees | $ 20.00 |
| 2.5.4 | Late Fee at Maturity of Note | $ 686.33 |
| 2.5.5 | RE tax escrow (positive balance) | ($38.20) |
| 2.5.6 | Court Costs paid to date | $ 1,270.05 |
| 2.5.7 | Misc. Costs and postage | $ 48.04 |
| 2.5.8 | Plaintiff's attorneys' fees | $21,144.09 |
| 2.5.9 | Total Balance Due | $38,269.91; |

Plus interest added to the Total Balance Due from August 8, 2014, until the date this judgment is entered of $4.3849 per day

  2.6    The name of the present owners of said real estate are: John Breck Jones and Sue S. Jones.

    2.6.1    The names of other persons who are joined as defendants and whose *in rem* interest in or lien on the Mortgaged Premises is sought to be terminated are: Heights Finance Corporation, and the County of Gallatin, Illinois, State of Illinois, and all unknown owners and non-record claimants.

    2.6.2    The names of defendants personally liable for the deficiency, if any are: John Breck Jones and Sue S. Jones.

    2.6.3 The capacity in which Plaintiff brings this foreclosure is as the owner and legal holder of said note, Mortgage, and indebtedness.

3  **DEEMED ALLEGATIONS PROVED**.
   735 ILCS 5/15-1504(c)(1) through (11))

  3.1 On the date indicated in the Complaint, the obligor of the indebtedness or other obligations secured by the Mortgage, John Breck Jones and Sue S. Jones, were justly indebted in the amount of the indicated original indebtedness shown in the Note to the original mortgagee or payee of the Note.

  3.2 The exhibits attached to the Complaint are true and correct copies of the Mortgage and Note.

  3.3 The mortgagors, John Breck Jones and Sue S. Jones, were at the date of the Mortgage indicated in the Complaint, the fee owners of the Mortgaged Premises described in the Complaint, and as of that date made, executed, and delivered the Mortgage as security for the Note or other obligations due to Plaintiff under the Note.

  3.4 The Mortgage was recorded in the county in which the Mortgaged Premises is located, on the date indicated, in book and page or as the document number indicated;

  3.5 Defaults occurred as indicated in the Complaint and the Affidavits of Amounts Due filed by Plaintiff and presented to the Court.

  3.6 The persons named as present owners are the owners of the indicated interests in and to the Mortgaged Premises, and the lien holders named in the Complaint have subordinate liens to the Mortgage as set forth in the Complaint.

  3.7 The Mortgage constitutes a valid, prior, and paramount lien upon the indicated interest in the Mortgaged Premises, which lien is prior and superior to the right, title, interest, claim or lien of all parties and non-record claimants, and whose interests in the Mortgaged Premises are terminated by this foreclosure.

3.8     By reason of the Defendants Jones' defaults alleged and proved, if the indebtedness had not matured by its terms, the same became due by the exercise, by Plaintiff or other persons having such power, of a right or power to declare immediately due and payable the whole of all indebtedness secured by the Mortgage. In addition, the Note fully matured entitling Plaintiff to foreclose.

3.9     Any and all notices of default or election to declare the indebtedness due and payable or other notices requires to be given have been duly and properly given.

3.10    Any and all periods of grace or other period of time allowed for the performances of the covenants or conditions claimed to be breached or for the curing of any breaches have expired.

3.11    The amount indicated to be due is broken down in the statement in the Complaint or in the evidence or affidavits presented to the Court into various items; the same are correctly stated and if such break indicated any advances made or to be made by Plaintiff or owner of the mortgage indebtedness, such advances were, in fact, made or will be required to be made, and under and by virtue of the Mortgage the same constitute additional indebtedness secured by the Mortgage.

4       **FEES AND COSTS**.
        735 ILCS 5/15-1504(d)(1) through (6))

4.1     Plaintiff has been compelled to employ and retain attorneys to prepare and file the Complaint and to represent and advise Plaintiff in the foreclosure of the Mortgage, and the Plaintiff has and will thereby become liable for the usual, reasonable, and customary fees of the attorneys in that behalf.

4.2     Plaintiff has been compelled to advance or will be compelled to advance, various sums of money in payment of costs, fees, expenses, and disbursements incurred in connection with the foreclosure, including, without limiting the generality of the foregoing, filing fees,

stenographer's fees, witness fees, costs of publication, costs of procuring and preparing documentary evidence, and costs of procuring abstracts of title, foreclosure minutes, and a title insurance policy. Plaintiff has incurred the attorney's fees and costs set forth in section 2.5 above, which the Court finds reasonable and necessary, through entry of this judgment of foreclosure. The Court expressly retains jurisdiction of the cause and the Defendants Jones to assess and award to Plaintiff any additional fees and costs incurred through completion of the sale and delivery of the deed of conveyance to the successful purchaser at the foreclosure sale.

4.3     Under the terms of the Mortgage, all such advances, costs, attorney's fees and other fees, expenses, and disbursements are made a lien upon the Mortgaged Premises, and Plaintiff is entitled to recover all such advances, costs, attorney's fees, expenses, and disbursements, together with interest on all advances at the rate provided in the Mortgage, or, if no rate is provided therein, at the statutory judgment rate, from the date on which such advances are made.

4.3.1     The Court expressly retains jurisdiction to assess and award additional attorney's fees and costs incurred by Plaintiff with respect to Completion of the foreclosure, including but not limited to sale of the Defendants Jones' interest in the Mortgaged remises at public auction, report of sale, approval of the report of sale and execution and delivery of a receiver, master, sheriff or marshal's deed.

4.4     In order to protect the lien of the Mortgage, it may or has become necessary for Plaintiff to pay taxes and assessments which have been or may be levied upon the Mortgaged Premises.

4.5     In order to protect and preserve the Mortgaged Premises, it has or may also become necessary for Plaintiff to pay fire and other hazard insurance premiums on the real estate or to make such repairs to the real estate as may reasonably be deemed necessary for the proper

preservation thereof.

4.6 In order to protect and preserve the Mortgaged Premises, it has or may also become necessary for Plaintiff to pay for repairs or maintenance to the Mortgaged Premises or perform duties required to be performed by the landlord under the USPS Lease as may reasonably be deemed necessary for the proper administration of the USPS Lease.

4.7 Under the terms of the Mortgage, any money so paid or expended has or will become an additional indebtedness secured by the Mortgage and will bear interest from the date such monies are advanced at the rate provided in the Mortgage, or, if no rate is provided, at the statutory judgment rate.

## 5      ULTIMATE FINDINGS

5.1 The allegations of Plaintiff's complaint are true substantially as set forth, the equities in the cause are with Plaintiff, and Plaintiff is entitled to the relief requested in the Complaint including foreclosure of said Mortgage upon the real estate described therein in the amount of the Total Balance Due, as found in paragraph 2.5.9 above, plus interest added to the Total Balance Due from August 8, 2014, until the date this judgment is entered of $4.3849 per day, together with interest thereon at the statutory rate of nine percent (9%) after the entry of this judgment and additional court costs, including publication costs and expenses of sale.

5.2 All lien or mortgage claimants, except the State and USPS, are found and declared to have no interest in the real estate foreclosed, as they have offered no evidence of said interest.

5.3 The lien of the State is subordinate and inferior to the Mortgage and the lien in the State is hereby foreclosed and eliminated.

5.4 Said real estate is free and clear of all liens and encumbrances except:

    5.4.1 General real estate taxes for the year 2013, 2014 and thereafter and special

assessments, if any; and,

       5.4.2    The Mortgage given to Plaintiff;

       5.4.3    The USPS Lease.

5.5    Plaintiff's Mortgage is prior and superior to all other mortgages, claims of interest and liens upon said real estate except for real estate taxes and special assessments, if any, and except for any mortgages or liens found herein to be prior and superior to Plaintiff's Mortgage or prior liens of non-parties.

5.6    The sum of attorney's fees allowed herein as stated above is the fair, reasonable, and proper fee to be allowed to Plaintiff as attorney's fees in this proceeding in accordance with the terms of the Note given to Plaintiff by said defendants, which should be added to and become a part of the indebtedness due to Plaintiff.

       IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED:

6    **ORDER UPON DEEMED REQUEST FOR FORECLOSURE**.
(735 ILCS 5/15-1504(e)(1) through (6))

6.1    An accounting has been taken under the direction of the Court of the amounts due and owing to Plaintiff as declared herein.

6.2    The Defendants Jones are ordered to pay to Plaintiff before expiration of any redemption period, (or if no redemption period, within seven (7) days after the date of this judgment) whatever sums may appear to be due upon the taking of such account, together with attorney's fees and costs of the proceeding (to the extent in the Mortgage or by law).

6.3    In default of such payment in accordance with this judgment, the Mortgaged Premises shall be sold as directed by the Court, subject to the USPS Lease, to satisfy the amount due to Plaintiff as set forth in this judgment, together with the interest thereon at the statutory judgment rate from the date of the judgment.

6.4     In the event Plaintiff is the purchaser of the Mortgaged Premises at such sale, Plaintiff may offset against the purchase of such real estate the amounts due under the judgment for foreclosure and order confirming the sale.

6.5     In the event of such sale and the failure of the person entitled thereto to redeem prior to such sale pursuant to statutory provisions, except as to the USPS, the defendants made parties to the foreclosure in accordance with statutory provisions, and all non-record claimants given notice of the foreclosure in accordance with statutory provisions, and all persons claiming by, through or under them, and each and any and all of them, shall be forever barred and foreclosed of any right, title, interest, claim, lien or right to redeem in and to the Mortgaged Premises.

6.6     Upon sale of the Mortgaged Premises, the purchaser of the Mortgaged Premises shall be required to accept title to the Mortgaged Premises subject to the USPS Lease, and the purchaser, by acceptance of the deed to the Mortgaged Premises, shall assume all of the landlord's obligations under the USPS Lease to the same extent and effect as if such purchaser had been the original landlord or lessor under the USPS Lease.

6.7     If no redemption is made prior to sale, a deed shall be issued to the purchaser thereat according to law, and such purchaser shall have fee simple ownership of and be let into possession of the Mortgaged Premises, subject to the USPS Lease, in accordance with statutory provisions.

7       **ORDER UPON SPECIAL MATTERS**.
        735 ILCS 5/15-1506(f)(1) through (15))

   7.1     The sale shall be by public auction.

   7.2     The sale shall be by open verbal bid.

   7.3     The United States Marshal, Benton, Illinois Office, or such deputy marshal as shall be designed by the United States Marshal, is hereby appointed as receiver for sale and is

authorized and ordered to sell the Mortgaged Premises at public sale pursuant to the terms of this Judgment, with Plaintiff to publish a notice of the sale.

    7.4    Exceptions to which title in the real estate shall be subject at the sale shall include general real estate taxes for the current year and for any preceding year which have not become due payable as of the date of this judgment, and any special assessments upon the real estate and easements and restriction of record, and the requirement to assume the USPS Lease.

    7.5    In the event any party to this foreclosure is a successful bidder at the sale, such party may offset against the purchase price to be paid for such real estate of amounts due such party under this judgment of foreclosure or the order confirming the sale, but only to the extent that the successful bidder is required to pay cash or collected funds to satisfy any lien with priority over the lien of the successful purchaser.

8    **ORDER FOR JUDICIAL SALE**.
    (735 ILCS 5/15-1507(a) through (e))

    8.1    The real estate is ordered sold in accordance with Illinois statutory provisions.

    8.2    Upon expiration of the redemption period, the real estate shall be sold at a sale as provided in this judgment of foreclosure.

        8.2.1    The place of the sale shall be the Gallatin County Courthouse, Shawneetown, Illinois.

    8.3    Notice of Sale. The mortgagee, or such other party designated by the Court, in a foreclosure under this Article shall give public notice of the sale as follows:

        8.3.1    The notice of sale shall include the following information, but an immaterial error in the information shall not invalidate the legal effect of the notice:

            8.3.1.1 The name, address, and telephone number of the person to contact for information regarding the real estate;

8.3.1.2 The common address and other common description (other than legal description), if any, of the real estate;

8.3.1.3 A legal description of the real estate sufficient to identify it with reasonable certainty;

8.3.1.4 A description of the improvements on the real estate;

8.3.1.5 A statement informing potential bidders that they may arrange to inspect the Mortgaged Premises by contacting the person identified in section 8.3.1.1;

8.3.1.6 The time and place of the sale;

8.3.1.7 The terms of the sale, including the requirement to assume the USPS Lease;

8.3.1.8 The case title, case number, and the Court in which the foreclosure was filed; and

8.3.1.9 No other information is required.

8.3.2 The notice of sale shall be published at least three consecutive calendar weeks (Sunday through Saturday), once in each week, the first such notice to be published not more than thirty-five (35) days prior to the sale, the last such notice to be published not less than seven (7) days prior to sale, by:

8.3.2.1 Two advertisements: (1) an advertisement in a newspaper circulated to the general public in the county in which the real estate is located, in the section of that newspaper where legal notices are commonly placed, and (2) a separate advertisement in the section of such newspaper, which may be the same newspaper, in which real estate, other than real estate being sold as part of legal proceedings, is commonly advertised to the general public; provided, that where both advertisements could be published in the same newspaper, and that newspaper does not have separate legal notices and real estate advertisement section, a single

advertisement shall be sufficient; and

       8.3.2.2 No other publications shall be required.

    8.3.3 The party who gives notice of public sale shall also give notice to all parties in the action who have appeared and have not heretofore been found by the Court to be in default for failure to plead.  Such notice shall be given in the manner provided in the applicable Federal rules of court for service of papers other than process and complaint, not more than twenty-eight (28) days nor less than seven (7) days prior to day of sale.  After notice is given as required in this section, a copy thereof shall be filed in the office of the Clerk of this Court, together with a certificate of counsel or other proof that notice has been served in compliance with this section.

    8.3.4 The party who gives notice of public sale shall again give notice of any adjourned sale is to occur less than thirty (30) days after the last scheduled sale, notice of any adjourned sale need be given only once, not less than five (5) days prior to the day of the adjourned sale.

    8.3.5 Notice of the sale may be given to the expiration of the redemption period.

    8.3.6 No other notice by publication or posting shall be necessary.

    8.3.7 The person named in the notice of sale to be contacted for information about the real estate shall not be required to provide additional information other than that set forth in the notice of sale.

  8.4 Election of Property.  If the real estate is susceptible of division, the person conducting the sale may order it to be sold as necessary to satisfy this judgment.  The person conducting the sale shall determine which real estate shall be sold and the person conducting the sale may determine the order in which separate tracts may be sold.

8.5     Certificate of Sale.  Upon the sale of Mortgaged Premises, the person conducting the sale shall give certificate of sale to the purchaser and cause such certificate of sale to be recorded.  The certificate shall be freely assignable by endorsement thereon.

9       **TRANSFER OF TITLE**.

9.1     Upon or after confirmation of sale, the person who conducted the sale shall execute a deed to the holder of the certificate of sale sufficient to convey title, which deed shall identify the Court and the caption of the case in which judgment was entered authorizing issuance of the deed.  Such deed and the execution and delivery of such deed shall be in a form sufficient to permit the grantee to record the deed in the land records of the jurisdiction where the Mortgaged Premises are located. Signature and the recital in the deed of the title of authority of the person signing the deed as grantor, of authority pursuant to this judgment and of the giving of the notices required by the statute, shall be sufficient proof of the facts recited and of such authority to execute the deed, but such deed shall not be construed to contain any covenant on the part of the person executing it.  Such deed shall expressly provide that title is conveyed subject to the USPS Lease and that by acceptance of the deed, the grantee thereby assumes the landlord's obligations under the USPS Lease.  Such deed shall further state that the USPS, its successors, and assigns, are entitled to enforce the landlord's obligations under the USPS Lease against the grantee and the grantee's successors and assigns, and as covenants running with the land.

9.2     Delivery of the deed executed on the sale of the real estate, even if the purchaser or holder of the certificate of sale is a party to the foreclosure, shall be sufficient to pass the title thereto.  Such conveyance shall be an entire bar of (i) all claims of parties to the foreclosure except the USPS and (ii) all claims of any non-record claimant who is given notice of the foreclosure as provided by statute.  Such deed shall further entitle the purchaser to all rents,

issues, and profits derived from the USPS Lease on the Mortgaged Premises due or payable after the date of the sale.

10    **APPLICATION OF PROCEEDS**.

10.1    The proceeds resulting from the sale ordered herein shall be applied in the following order:

10.1.1  The reasonable expenses of sale;

10.1.2 The reasonable expenses of securing possessions before sale, holding, maintaining, and preparing the real estate for sale, including payment of taxes and other governmental charges, premiums on hazard and liability insurance, management fees, and, to the extent provided for in the Mortgage or other recorded agreement and not prohibited by law, reasonable attorney's fees, payments made pursuant to 735 ILCS 5/15-1505 and other legal expenses incurred by the mortgagee;

10.1.3  Satisfaction of claims in the order of priority as set forth in the Complaint and adjudicated in this judgment of foreclosure in the order of filing at the County Recorder's Office of Gallatin County, Illinois; and

10.1.4  Remittance of any surplus to the Defendant John Breck Jones and Sue S. Jones, each an undivided one-half (1/2), provided, however, that no funds shall be paid to John Breck Jones until the satisfaction in full of the lien claim of the State and any lien claim against John Breck Jones, and no funds shall be payable to Sue S. Jones until satisfaction in full of any lien claim against Sue S. Jones, and any surplus from the sale shall be paid as directed by the Court.

11    **REDEMPTION**.

11.1    Only the owners of the Mortgaged Premises and redemption, Defendants Jones, may redeem from this foreclosure, and such owners of redemption may redeem only during the

17

redemption period specified herein.

11.2   This is a foreclosure of non-residential real estate.

11.3   In a foreclosure of a mortgage of non-residential real estate, the redemption period shall end on the later of:  (1) the date six (6) months from the date the mortgagor or, if more than one, all the mortgagors have been served with summons or by publication, or have otherwise submitted to the jurisdiction of this court, or (2) the date three (3) months from the date of entry of this judgment of foreclosure.

11.4   Defendants Jones were served with process on December 9, 2013.

11.5   Absent abandonment by Defendants Jones, the redemption period would end in this case three (3) months from the date of entry of judgment.

11.6   Plaintiff has moved to shorten the time for redemption based upon Defendants Jones' abandonment of the Mortgaged Premises and failure to maintain the Mortgaged Premises as required by the USPS Lease.  Based upon Defendants Jones failure to maintain the Mortgaged Premises, said defendants are found to have abandoned the Mortgaged Premises, and the time for redemption is shortened to thirty (30) days from the date of this foreclosure judgment, pursuant to 735 ILCS 5/15-1603(b)(4).

11.7   The amount required to redeem shall consist of the Total Balance Due as declared above, plus interest thereon at the statutory rate hereafter, and all additional costs and other expenses allowed by the Court.

12   **OTHER MATTERS**.

12.1   REPORT OF SALE:  The Plaintiff shall file with the Clerk of Curt a report of sale from person conducting the sale specifying the amount of proceeds of sale realized and the disposition thereof.

12.2   POSSESSION:  Plaintiff is authorized to take possession of said real estate upon

and after default by the terms of the Mortgage foreclosed.  Plaintiff prevailed on a final hearing of this cause; Plaintiff has requested to be placed in possession of said real estate and to sequester the rents, subject to the rights of the USPS under the USPS Lease.  Defendants Jones, as mortgagors, have not objected and shown good cause for retaining possession of the Mortgaged Premises, subject to the USPS Lease, nor established any right to the rents under the USPS Lease.  After the entry of this judgment, through sale and confirmation of the sale and delivery of the deed to the successful purchaser, Plaintiff shall have legal possession of the Mortgaged Premises subject to the exclusive possession of said real estate by the USPS.  After confirmation of the sale, the holder of the certificate of sale shall have Plaintiff's right to be placed in legal possession of the Mortgaged Premises, subject to the rights of the USPS. Until further order of this Court, all rents due under the USPS Lease shall be paid to Plaintiff to hold in escrow.

       12.3    HOMESTEAD WAIVER:  Defendants Jones, as mortgagors, waived their right to homestead or other exemptions in said real estate in the body of said Mortgage, which was duly signed and acknowledged.  Defendants Jones do not occupy the Mortgaged Premises, as the property is commercial real estate leased to the USPS.  Defendants Jones have no rights of homestead or exemption under Illinois law in and to the Mortgaged Premises.  Defendants Jones are therefore barred from claiming any right to homestead or other exemptions in said real estate. DEFICIENCY:  This Court reserves jurisdiction over the Defendants Jones to enter a deficiency judgment against them, personally, after sale of the real estate, in the event of any deficiency.

12.4 APPEALABILITY: There is no just reason to delay enforcement of or appeal from this final appealable judgment order pursuant to the Federal Rules of Civil Procedure, Rule 54(b).

**IT IS SO ORDERED.**

**DATED:** 11/18/2014

<u>s/J. Phil Gilbert</u>
**J. PHIL GILBERT**
**DISTRICT JUDGE**